**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 25-1689

Caption [use short title]

Motion for: leave to file as amicus curiae in support of
the Argentine Republic's motion for a stay pending appeal

Eton Park Capital Management, L.P., et al.

v. Argentine Republic

Set forth below precise, complete statement of relief sought:

The United States of America seeks leave to file a

memorandum as amicus curiae in support of

defendant-appellant Argentine Republic's motion for a

stay pending appeal.

MOVING PARTY: United States of America    OPPOSING PARTY: Eton Park Capital Management, L.P., et al.

☐ Plaintiff    ☐ Defendant

☐ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: David E. Farber    OPPOSING ATTORNEY: Paul D. Clement

[name of attorney, with firm, address, phone number and e-mail]

U.S. Attorney's Office for the Southern District of New York    Clement & Murphy, PLLC

86 Chambers Street, Third Floor, New York, NY 10007    706 Duke Street, Alexandria, VA 22314

(212) 637-2772 / david.farber@usdoj.gov    (202) 742-8900 / paul.clement@clementmurphy.com

Court- Judge/ Agency appealed from: Southern District of New York / Hon. Loretta A. Preska

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☒ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☒ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?  ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes ☒ No  If yes, enter date:

Signature of Moving Attorney:

_____  Date: 07/17/2025    Service : ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Eton Park Capital Management, L.P.,
Eton Park Master Fund, Ltd., and Eton
Park Fund, L.P.,

               Plaintiffs-Appellees,

      v.

Argentine Republic,

              Defendant-Appellant.

Docket No. 25-1689

## The United States' Motion for Leave to File as *Amicus Curiae* in Support of the Argentine Republic's Motion for a Stay Pending Appeal

Pursuant to 28 U.S.C. § 517 and Federal Rule of Appellate Procedure 27, the United States of America hereby seeks leave to file a memorandum as *amicus curiae* in support of defendant-appellant Argentine Republic's motion for a stay pending appeal (ACMS No. 14).

As explained in the proposed memorandum, docketed simultaneously with this motion, the United States has a substantial interest in the issues presented by this appeal, which implicate concerns of foreign policy and international relations, as well as the proper interpretation of federal statutory and common law.

Counsel for defendant-appellant consents to this motion, and counsel for plaintiffs-appellees does not consent to this motion.

- 1 -

Dated:  New York, New York       Respectfully submitted,
        July 17, 2025

                                        SEAN BUCKLEY
                                        Deputy United States Attorney for the
                                        Southern District of New York
                                        *Attorney for the United States as*
                                        *Amicus Curiae,*
                                        *Acting Under Authority Conferred by*
                                        *28 U.S.C. § 515.*

                         By:  /s/ *David E. Farber*
                                  DAVID E. FARBER
                                  BENJAMIN H. TORRANCE
                                  Assistant United States Attorneys
                                  86 Chambers Street, Third Floor
                                  New York, NY 10007
                                  Telephone: (212) 637-2772; 2703
                                  Email: david.farber@usdoj.gov
                                        benajmin.torrance@usdoj.gov

### Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 106 words.

- 2 -

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> Argentine Republic, <br><br> Defendant-Appellant. | Docket No. 25-1689 |

### Memorandum of Law of the United States as *Amicus Curiae* in Support of the Argentine Republic's Motion for a Stay Pending Appeal

### Interest of the United States

Plaintiffs in this case are creditors who hold a judgment against the Argentine Republic ("Argentina"). They seek to execute that judgment against Argentina's majority shareholder interest in YPF, S.A. ("YPF")—foreign state property held by Argentina outside the United States. On June 30, 2025, the district court ordered Argentina to transfer that property into the United States for turnover to plaintiffs. *See Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 16 Civ. 8569, 2025 WL 1796392 (S.D.N.Y. June 30, 2025).[1]

---

[1] The government has filed essentially identical amicus submissions supporting Argentina's request for a stay pending appeal in all three cases being heard in tandem by this Court.

This case implicates the government's strong interest in the proper application of principles of foreign sovereign immunity under the Foreign Sovereign Immunities Act of 1976 ("FSIA") and federal common law. Those issues can have significant ramifications for the United States' foreign relations and may affect the reciprocal treatment of the United States and its property in the courts of other nations. Pursuant to 28 U.S.C. § 517, the government submits this memorandum as amicus curiae in support of Argentina's request for a stay pending appeal to allow for orderly briefing and proper resolution of these important issues.

## A.  Argentina Is Likely to Prevail on the Merits

Foreign sovereign immunity originally "developed as a matter of common law," *Samantar v. Yousuf*, 560 U.S. 305, 311 (2010), and under common-law principles, "the property of foreign states is absolutely immune from execution," H.R. Rep. No. 94-1487 at 27 (citing *Dexter & Carpenter v. Kunglig Jarnvagsstyrelsen*, 43 F.2d 705 (2d Cir. 1930)). The FSIA provides limited exceptions to that rule, but those exceptions are specifically limited to "property *in the United States* of a foreign state." 28 U.S.C. §§ 1609-1610 (emphasis added). The FSIA "lift[ed] execution immunity [only] 'in part,'" *De Letelier v. Republic of Chile*, 748 F.2d 790,

798-99 (2d Cir. 1984) (quoting H.R. Rep. No. 94-1487 at 8), solely for property in the United States. It did not abrogate execution immunity of foreign state property located abroad. *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 750 (7th Cir. 2007) ("The FSIA did not purport to authorize execution against a foreign sovereign's property, or that of its instrumentality, wherever that property is located around the world.").

Argentina is likely to prevail in this appeal because the district court's turnover order is inconsistent with those principles. In determining that the property at issue was not immune from execution, the district court (incorporating its prior reasoning in *Bainbridge Fund Ltd. v. Republic of Argentina*, 690 F. Supp. 3d 411, 415-16 (S.D.N.Y. 2023)) relied on *Peterson v. Islamic Republic of Iran*, 876 F.3d 63, 91 (2d Cir. 2017) ("*Peterson II*"), in which this Court concluded creditors could seek a turnover order directing foreign sovereign assets abroad to be brought into the United States in aid of execution. But *Peterson II* was vacated by the Supreme Court, *Clearstream Banking S.A. v. Peterson*, 140 S. Ct. 813 (2020) (granting certiorari, vacating judgment, and remanding in light of intervening legislation), and its analysis was not

3

reinstated by this Court on remand, *Peterson v. Islamic Republic of Iran*, 963 F.3d 192, 196 (2d Cir. 2020).

Moreover, every decision of a court of appeals that has directly addressed the issue, apart from the now-vacated opinion in *Peterson II*, has treated the presence of foreign sovereign property in the United States as a prerequisite to execution in U.S. courts. *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 208 (2d Cir. 2012) ("[A] district court sitting in Manhattan does not have the power to attach Argentinian property in foreign countries."); *Aurelius Capital Partners, LP v. Republic of Argentina*, 584 F.3d 120, 130 (2d Cir. 2009) ("[P]roperty that is subject to attachment and execution must be property in the United States of a foreign state." (quotation marks omitted)); *Rubin v. Islamic Republic of Iran*, 830 F.3d 470, 475 (7th Cir. 2016), *aff'd*, 583 U.S. 202 (2018); *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1131-32 (9th Cir. 2010); *Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 247 (5th Cir. 2002).[2]

Those decisions accord with the requirement of the FSIA's

---

[2] *But see Peterson v. Bank Markazi*, 121 F.4th 983, 993 n.3 (2d Cir. 2024) (dicta suggesting foreign state property abroad "possesses no execution immunity").

exception to execution immunity that executable foreign state property be "in the United States." 28 U.S.C. § 1610(a). The district court's ruling improperly circumvents that requirement by invoking the New York turnover statute to order a foreign sovereign to bring its property into the United States, and only then asking if it "would qualify as property of the Republic 'in the United States' under Section 1610(a)." *Petersen Energía*, 2025 WL 1796392, at *10. But a state turnover statute like New York's cannot overcome the requirements of the FSIA or principles of foreign sovereign immunity explained above. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."); *Peterson*, 627 F.3d at 1130-32.

There is no indication that, in enacting the limited exceptions to execution immunity for foreign state property in the United States in the FSIA, Congress intended to abrogate all immunity for foreign state property outside the United States. The FSIA was enacted against a backdrop of absolute immunity for foreign state property, and should not be understood to override the preexisting common law rule absent a clear statement. The FSIA should also be construed consistent with "basic

principles of customary international law," which "for the most part" are "embodie[d]" in the FSIA. *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 179 (2017). "Under customary international law, a state may not exercise jurisdiction to enforce in the territory of another state without the consent of that other state." Restatement (Fourth) of Foreign Relations Law § 432 (2018). There is similarly no indication that Congress intended to abrogate that rule by enacting the FSIA's execution immunity provisions without expressly addressing foreign sovereign property outside the jurisdiction of the United States. The district court's contrary holding would lead to the anomalous result that foreign state property in the United States, which is only subject to attachment or execution within the strict limitations set forth in § 1610, would be entitled to greater protection from coercive measures than a foreign state's property in its own territory. To avoid these anomalies, foreign sovereign immunity under the FSIA and preexisting common law should be construed consistent with international law as continuing to provide foreign states' property located abroad with absolute immunity against execution.

### B. The Balance of Equities Warrants a Stay

The equitable factors weigh decisively in Argentina's favor. Argentina may be irreparably harmed absent a stay. If Argentina complies with the turnover orders and transfers the YPF shares to judgment creditors in the United States, Argentina may lose the ability to reclaim that property even if it prevails on appeal. On the other hand, requiring Argentina to post a bond pending appeal, *see* Fed. R. App. P. 8(a)(2)(E), would require it to locate assets in the United States, which could then be subject to attachment efforts.

In contrast, a stay pending appeal will not harm plaintiffs. Argentina has noted that it retains its shares in YPF and cannot sell them without legislative authorization. If plaintiffs prevail on the merits, they will have experienced a relatively short delay of payment in these long-running cases.

The district court's order implicates significant foreign policy concerns for the United States which merit a stay pending appeal. Indeed, a court's seizure of a foreign state's property can result in a "specific affront" to that sovereign. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 866 (2008); *accord Republic of Mexico v. Hoffman*, 324 U.S.

30, 35-36 (1945). Moreover, the injunctive relief ordered in this case "impinge[s] on the sovereignty" of Argentina. *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 480 (4th Cir. 2018). The public interest lies in resolving these weighty issues on the merits, free from the rushed compulsion of an unstayed turnover order and any negative effects it may have on U.S. foreign relations with Argentina.

## CONCLUSION

The Court should stay the district court's turnover order pending final resolution of Argentina's appeal.

Dated:  New York, New York       Respectfully submitted,
        July 17, 2025

                                 SEAN BUCKLEY
                                 Deputy United States Attorney for the
                                 Southern District of New York
                                 *Attorney for the United States as*
                                 *Amicus Curiae,*
                                 *Acting Under Authority Conferred by*
                                 *28 U.S.C. § 515.*

                          By:  /s/ *David E. Farber*
                                 DAVID E. FARBER
                                 BENJAMIN H. TORRANCE
                                 Assistant United States Attorneys
                                 86 Chambers Street, Third Floor
                                 New York, NY 10007
                                 Telephone: (212) 637-2772; 2703
                                 Email: david.farber@usdoj.gov
                                        benajmin.torrance@usdoj.gov

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 1,416 words.

9