**Clement & Murphy**
PLLC

April 8, 2026

**VIA CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   *Petersen Energía Inversora, S.A.U. v. Argentine Republic*,
> No. 25-1687; *Eton Park Capital Management v. Argentine
> Republic*, No. 25-1689; *Petersen Energía Inversora, S.A.U. v.
> Argentine Republic v. Republican Action for Argentina, Inc.*,
> No. 25-576; *Petersen Energía Inversora, S.A.U. v. Argentine
> Republic*, 25-2362; *Eton Park Capital Management v.
> Argentine Republic*, 25-2363; *Petersen Energía Inversora,
> S.A.U. v. Y.P.F. S.A.*, 25-2629 & 25-2901; *Eton Park Capital
> Management v. Y.P.F. S.A.*, 25-2630 & 25-2904.

Dear Ms. Wolfe:

In response to this Court's order dated April 2, 2026, Plaintiffs-Appellees ("Plaintiffs") in the above-captioned appeals respectfully submit that rather than dismissing the appeals as moot, this Court should hold the appeals in abeyance pending final disposition of Plaintiffs' forthcoming petition for rehearing in *Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 23-7370, and any subsequent petition for certiorari to the United States Supreme Court.

---

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

April 8, 2026
Page 2 of 5

## I.     The Pending Appeals Are Not Moot.

A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever"—i.e., "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).  As long as the parties have "a concrete interest … in the outcome of the litigation," the case "is not moot." *Id.*

Applying that standard here, the above-captioned appeals are not moot. Although a divided panel of this Court has entered a decision in No. 23-7370 reversing the underlying merits judgment that gave rise to those appeals, the time for seeking further review of that decision by this Court or by the Supreme Court has not yet expired, and so that decision is not yet final. *See Missouri v. Jenkins*, 495 U.S. 33, 45-46 (1990) (petition for rehearing "operates to suspend the finality of the ... court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties").  Because the panel's decision in No. 23-7370 remains subject to further review, it has not yet become "impossible for a court to grant any effectual relief whatever" in the above-captioned appeals, *Chafin*, 568 U.S. at 172; if the underlying merits judgment is reinstated after further review, the above-captioned appeals would then need to proceed as scheduled.  Notably, this Court has previously

April 8, 2026
Page 3 of 5

recognized in similar circumstances that an appeal does not become moot until the decision that may moot that appeal is no longer subject to further appellate review. *See, e.g.*, *U.S.P.S. v. Brennan*, 579 F.2d 188, 190 n.1 (2d Cir. 1978) ("Because application for rehearing has been filed and the time to petition for certiorari has not expired, the case has not reached final judgment, and the issue of intervention is not moot." (citation omitted)). That same rule applies here, and makes it premature to dismiss these appeals as moot at this stage.

## II. The Court Should Hold The Pending Appeals In Abeyance.

Rather than dismissing the above-captioned appeals as moot, this Court should hold them in abeyance—including by suspending the oral arguments currently calendared for April 16, 2026—until the panel's decision in No. 23-7370 is no longer subject to further review. The power to hold a case in abeyance "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). Here, holding the above-captioned appeals in abeyance pending further review of the panel's decision in No. 23-7370 would preserve judicial and party resources, both by avoiding the need for any further litigation in those appeals while the panel's decision in No. 23-7370 remains in effect, and by ensuring that those appeals will be able to

April 8, 2026
Page 4 of 5

proceed if the panel's decision in No. 23-7370 is reversed and the district court's judgment on the merits is reinstated. That approach is also consistent with this Court's typical practice, as this Court often holds appeals in abeyance pending further appellate proceedings in related cases. *See, e.g.*, *United States v. Williams*, 756 F.App'x 73, 74 (2d Cir. 2019) (appeal held in abeyance "pending the Supreme Court's decision on a petition for writ of certiorari" in separate but related case); *Williams v. McMann*, 454 F.2d 1139, 1140 n.2 (2d Cir. 1972) ("Decision in the present appeal had been held in abeyance pending the conclusion of the *en banc* proceeding in these cases."); *United States ex rel. Moore v. Follette*, 425 F.2d 925, 927 (2d Cir. 1970) ("defer[ing] decision pending the determination of [another] appeal").

For the foregoing reasons, this Court should hold the above-captioned appeals in abeyance pending final disposition of Plaintiffs' forthcoming petition for rehearing in *Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 23-7370, and any subsequent petition for certiorari to the United States Supreme Court.

April 8, 2026
Page 5 of 5

Respectfully,

<u>s/Paul D. Clement</u>
Paul D. Clement

*Counsel for Plaintiffs-Appellees*

Cc:  All Counsel of Record